Filed 7/14/21  Davis v. WFP Securities Corp. CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAIMIE DAVIS, | |
| Plaintiff and Appellant, | G058837 |
| v. | (Super. Ct. No. 30-2019-01088210) |
| WFP SECURITIES CORP. INC. et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed in part and reversed in part.  Motion to correct reporter's transcript denied.  Request for judicial notice denied.

Jaimie Davis, in pro. per., for Plaintiff and Appellant.

Reif Law Group, Brandon S. Reif and Marc S. Ehrlich for Defendant and Respondent Curtis Sathre III.

No appearance for Defendants and Respondents WFP Securities Corp. Inc. and John E. Schooler.

\* \* \*

Jaimie Davis appeals from an order denying her petition to compel arbitration, to stay judgment enforcement proceedings, and to vacate abstracts of judgment and liens entered against her. Davis contends the trial court erred in denying her petition because of an earlier arbitration, which resulted in the Los Angeles Superior Court judgment (judgment) being enforced by respondent Curtis Sathre III (Sathre).

We agree in part. Davis's affirmative claims for defamation and tortious debt collection practices against respondents WFP Securities Corp., Inc. (WFP), John E. Schooler (Schooler), and Sathre (respondents) must be arbitrated, contrary to the trial court's order. But we reject Davis's challenges to the remainder of the trial court's order, including the portions denying her requests to stay judgment enforcement proceedings and to vacate abstracts of judgment and liens entered against her. Accordingly, we reverse the portion of the order denying Davis's petition to compel arbitration of her affirmative claims; we affirm the order in all other respects.

## FACTS AND PROCEDURAL HISTORY

WFP sold investments, but it is now out of business. Davis was a former client of WFP. Schooler was WFP's president, and Sathre was a WFP employee.

Davis invested and apparently lost substantial funds with WFP. She brought an arbitration proceeding against respondents, claiming they were negligent in recommending the investments. Respondents prevailed at arbitration and obtained an award of costs (later incorporated into the judgment) against her in the principal amount of $135,755.89.

Respondents obtained the judgment in 2012. Sathre began making efforts to collect in 2018, when he filed lien notices in two other cases involving Davis. In 2019,

2

Sathre sought to conduct a judgment debtor examination of Davis in Los Angeles County.

At around the same time, Davis alleges she first became aware of defamatory testimony about her given by respondents in another matter. She also alleges respondents used illegal debt collection tactics, including stake-outs outside her father's home as well as verbal harassment of her and her father, and that these allegedly tortious acts damaged her.

Davis filed a petition in Orange County Superior Court seeking an order compelling arbitration of her affirmative claims against respondents, staying judgment collection efforts, and vacating the abstracts of judgment and liens. In the petition, Davis contended all controversies between herself and respondents fell within the scope of the arbitration provision entered in connection with her original agreement with WFP, which stated in part: "To: WFP Securities, Inc. [¶] I agree that all controversies which may arise between us concerning any transaction, the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, or any other matter, shall be determined by arbitration in accordance with the rules of the National Association of Securities Dealers, Inc. then in effect. I understand that judgement upon any arbitration award may be entered in any court of competent jurisdiction."

Davis argued any efforts by respondents to enforce the judgment belonged in arbitration, pointing to another portion of the arbitration provision: "The parties are waiving their right to seek remedies in court, including the right to jury trial." In the alternative to staying enforcement of the judgment and vacating the abstracts and liens, Davis sought an order requiring respondents to post a bond as a condition of maintaining any liens.

Sathre opposed the petition, arguing Davis's petition was "the latest in a series of transparent efforts she has made to avoid her obligations to pay a judgment

3

entered by this Court[1] on July 10, 2012 . . . ." Sathre contended (1) the arbitration agreement excluded postjudgment enforcement proceedings; (2) Davis failed to make a sufficient factual allegation of an arbitrable claim; (3) the petition should be dismissed as res judicata; (4) there were no grounds for a stay; (5) there was no legal basis for Davis's request to vacate the liens; and (6) there was no legal basis for a requirement of a bond.

The trial court denied Davis's petition. The court concluded judgment collection was not subject to arbitration, and the prior arbitration had satisfied the requirements of the arbitration agreement, so no further arbitration was necessary. Davis appealed.

## DISCUSSION

On appeal, Davis asserts the court erred in denying her petition. She argues the arbitration provision encompasses all controversies between the parties, and no statutory exemptions apply. Davis also contends further proceedings between the parties must be stayed pending the outcome of the new arbitration, and all abstracts of the judgment and liens should be removed. Finally, Davis asks us to order the parties specifically to JAMS in Las Vegas, where she resides.

Davis argues, respondents concede, and we agree, the issues in this case are issues of law, not disputed fact, and the de novo standard therefore applies. (*Bautista v. Fantasy Activewear, Inc.* (2020) 52 Cal.App.5th 650, 655.)

1.      *Scope of the Arbitration Agreement*

Davis asserts the broad language of the arbitration provision applies to all claims between the parties. She cites two general rules: (1) arbitration provisions are to be liberally construed; and (2) this provision should be construed against respondents as

---

[1]      The judgment was actually entered by Los Angeles Superior Court.

4

the drafters of the contract. Sathre[2] counters that Davis's interpretation of the arbitration provision as applicable to all claims at all times is "absurd." Sathre cites cases limiting the reach of broad provisions which called for arbitration of all claims "arising from" or "relating to" the contract, and argues Davis's claims do not arise from or relate to the investments purchased by Davis pursuant to the contract, concluding Davis's claims therefore fall outside the scope of the arbitration agreement.

The trial court did not reach these issues. Instead, the trial court found the parties had already conducted an arbitration, and it impliedly concluded the issues raised by Davis had been resolved through that process. But Davis's affirmative defamation and unlawful debt collection practices claims here are distinct from those claims which were at issue in the prior arbitration. We must therefore determine whether these new claims fall within the scope of the arbitration agreement.

"'Arbitration is . . . a matter of contract, and the parties may freely delineate the area of its application. The court's role . . . must be strictly limited to a determination of whether the party resisting arbitration agreed to arbitrate. A heavy presumption weighs the scales in favor of arbitrability; an order directing arbitration should be granted "unless it may be said with positive assurance that the arbitration [provision] is not susceptible of an interpretation that covers the asserted dispute."'" (*Gravillis v. Coldwell Banker Residential Brokerage Co.* (2006) 143 Cal.App.4th 761, 771.)

The language of the arbitration clause here is extraordinarily broad. It requires arbitration of "all controversies which may arise . . . concerning any transaction, the construction, performance or breach of this or any other agreement . . . , whether entered into prior, on or subsequent to the date hereof, or any other matter," between the parties. Unlike the arbitration clauses in the cases cited by Sathre, this arbitration clause

---

[2] Respondents WFP and Schooler did not file opposition to Davis's petition.

5

is not limited to matters "relating to" or "arising from" the contract; instead, it applies to matters relating to this contract, to other past or future contracts between the parties, or to "any other matter" between the parties. The provision contains no time limitation and affords no exceptions. On its face, it applies to any dispute between the parties. In the absence of any ambiguity, we see no need to resort to canons of interpretation to resolve the question, but nonetheless note both the general rule in favor of arbitrability and the rule of construction against the drafter support Davis's view.

We are not persuaded by Sathre's contrary arguments. He argues the contract between the parties should not "apply more broadly than the single transaction contemplated thereby." But the arbitration clause drafted by respondents expressly extends its application to "any other matter." Sathre argues there is no relationship between the contract and Davis's claims. The arbitration clause does not require such a relationship. Sathre's citations to past cases involving narrower arbitration clauses are unavailing. We therefore conclude Davis's affirmative claims fall within the scope of the provision and must be arbitrated.

2.    *Stay of Proceedings*

Davis's petition also sought an order staying judgment enforcement proceedings against her. The trial court declined to enter such an order, concluding it lacked authority to stay collection of the judgment. We agree with the trial court.

In general, judgment enforcement proceedings are not arbitrable. (*Luster v. Collins* (1993) 15 Cal.App.4th 1338, 1349.) Once a judgment following an arbitration is entered, it "has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification; and it may be enforced like any other judgment of the court in which it is entered, in an action of the same jurisdictional classification." (Code Civ. Proc., § 1287.4.) In other words, once the arbitration is over, the impact of the arbitration agreement on the dispute ends. The judgment enforcement process is exclusively a judicial function.

6

Further, the statute upon which Davis premises her request for a stay (Code Civ. Proc., § 1281.4) requires a stay only when a court "has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State." Davis's new claims do not involve a controversy which is an issue in Sathre's ongoing efforts in court to collect the judgment. Instead, they involve only issues relating to alleged defamation and allegedly tortious extrajudicial enforcement efforts. Accordingly, we conclude the trial court properly declined to stay Sathre's efforts to enforce the judgment.

   3.      *Removal of Abstracts of Judgment and Liens*

Davis argues the arbitration agreement required the trial court to remove any abstracts of judgment or liens entered against her. She relies upon this language in the arbitration agreement: "The parties are waiving their right to seek remedies in court, including the right to jury trial." But the arbitration agreement also expressly provides the parties may enter judgment upon any arbitration award entered pursuant to the contract. Davis cites no statutory or decisional authority supporting her contention that a court order removing otherwise-proper abstracts of judgment and liens based on a contractual arbitration clause is permitted, much less required. We see no reason why it should be. Consequently, we affirm the trial court's refusal to enter an order removing the abstracts of judgment or liens.

   4.      *Choice of Arbitrator and Arbitral Forum*

Davis argues the court should have ordered this matter to arbitration with JAMS in Las Vegas. She argues respondents failed to oppose her choice of arbitrator and arbitral forum contained in her petition.

Preliminarily, we do not read Sathre's opposition, and WFP and Schooler's lack of opposition, to Davis's petition so narrowly. Sathre argued the matter was not arbitrable at all, but still referred repeatedly to the Financial Industry Regulatory Authority (FINRA) arbitration rules and procedures, which were used in connection with

7

the initial arbitration.[3] Presumably, if ordered to an arbitration, respondents would argue the contract requires arbitration before FINRA.

However, we decline to rule on this issue and instead defer it to the sound discretion of the trial court in the first instance. The record provides us with insufficient information to determine, among other things, whether FINRA would even accept arbitration of the claims presented by Davis.

5. *Motion to Correct the Reporter's Transcript and Request for Judicial Notice*

On appeal, Davis moved to correct the reporter's transcript of the hearing on her petition, specifying several instances in which she contends the reporter misheard her. Sathre also requested we take judicial notice of various documents relating primarily to his judgment enforcement efforts in Los Angeles Superior Court and related appellate proceedings. Davis's requested corrections of the reporter's transcript, and the documents that Sathre asks us to take judicial notice of do not impact our analysis. We therefore deny Davis's motion and Sathre's request for judicial notice.

## DISPOSITION

The portion of the order denying Davis's petition to compel arbitration of her affirmative claims is reversed. The order is affirmed in all other respects. In the

---

[3] The arbitration agreement calls for use of the arbitration rules of the National Association of Securities Dealers, Inc. That entity merged with a division of the New York Stock Exchange to form FINRA.

interests of justice and pursuant to California Rules of Court, rule 8.278(a)(5), no costs are awarded.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.